# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Gary Yaghyazarian, et al., | Case No. 2:22-cv-01339-CDS-VCF |
| Plaintiff | Order Denying Verified Application for Permission to Practice Pro Hac Vice, Defendant's Motion to Dismiss |
| v. | |
| Progressive Direct Insurance Company, et al., | [ECF Nos. 13, 18] |
| Defendants | |

Before me are two motions: petitioner Andrew Shamis' motion for permission to practice pro hac vice (ECF No. 13) and defendant Progressive Direct Insurance's motion to dismiss the complaint (ECF No. 18). I address each in turn.

I.   **Motion for Permission to Practice Pro Hac Vice**

On October 11, 2022, I notified Shamis that if they did not file a corrected verified petition including certificates of good standing from Georgia, Texas, Ohio, Illinois, Arizona, and New York as required under LR IA 11-2(b)(3) by November 4, 2022, that I would deny the verified petition. Min. Order, ECF No. 14. To date, petitioner has not filed an amended petition nor requested more time to do so. Accordingly, I deny Shamis' motion.

II.   **Motion to Dismiss**

Progressive seeks to dismiss plaintiff's original complaint. ECF No. 18. Plaintiff has since filed an amended complaint which supersedes the original complaint and renders it null. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect."); 6 C. Wright, A Miller & M. Kane, Federal Practice and Procedure § 1476 & n.1 (3d ed 2005) (an

amended pleading "supersedes the pleading it modifies" and "becomes the operative complaint," and "the original pleading no longer performs any function in the case."). Thus, Progressive's motion is moot because I can no longer grant any effective relief from the original complaint. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . ."). I thus deny Progressive's motion to dismiss as moot.

### III. Conclusion

IT IS THEREFORE ORDERED that the Verified Petition for Permission to Practice Pro Hac Vice by Andrew Shamis **(ECF No. 13) is DENIED**.

IT IS FURTHER ORDERED that should petitioner wish to amend and file a verified petition, they are required to repay the filing fee.

IT IS FURTHER ORDERED that defendant Progressive's motion to dismiss the complaint **(ECF No. 18) is DENIED as moot.**

DATED: November 10, 2022

_____
Cristina D. Silva
United States District Judge