UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Gary Yaghyazarian, et al., <br><br> Plaintiffs <br><br> v. <br><br> Progressive Direct Insurance Company, et al., <br><br> Defendants | Case No. 2:22-cv-01339-CDS-VCF <br><br> **Order Granting in Part and Denying in Part Defendants' Motion to Dismiss** <br><br> [ECF No. 51] |

  Plaintiffs Gary Yaghyazarian and Elena Thormahlen sue defendants Progressive Direct Insurance Company and Progressive Northern Insurance Company for alleged breaches of contract and of the implied covenant of good faith and fair dealing. They contend that the Progressive defendants applied an arbitrary adjustment to the valuations of their wrecked vehicles, resulting in the plaintiffs receiving unfairly low insurance payouts. The defendants now move to dismiss the claim for breach of the implied covenant of good faith and fair dealing, arguing that the plaintiffs have not pled the necessary elements of such a claim. The plaintiffs respond that the defendants possessed discretion in calculating the appropriate valuations but failed to exercise such discretion in good faith. Because I find that the plaintiffs have plausibly stated an entitlement to relief under Nevada law regarding the breaches of the implied covenant of good faith and fair dealing, I deny the defendants' motion to dismiss in part. But I grant their motion to dismiss the plaintiffs' requests for declaratory and injunctive relief.

**I. Background**

  The plaintiffs are both Nevada citizens who contracted with the Progressive defendants for automobile insurance. Am. Compl., ECF No. 20 at ¶¶ 11–12. Yaghyazarian contracted with Progressive Direct, while Thormahlen contracted with Progressive Northern. *Id.* In 2021, both plaintiffs were in car accidents that rendered their vehicles total losses (*i.e.*, they were impossible

or uneconomical to repair). *Id.* at ¶¶ 2, 11–12. The Progressive defendants used valuation reports prepared by non-party Mitchell International, Inc., to determine the actual cash value of the lost vehicles. *Id.* at ¶ 1. The Mitchell reports purport to value the cars based on comparable vehicles in light of varying equipment, mileage, and configurations. *Id.* at ¶ 23. But the plaintiffs allege that the reports adjusted their cars' valuations downward based on a "Projected Sold Adjustment," which devalued their cars by hundreds of dollars. *Id.* at ¶ 24. This adjustment supposedly reflects consumer purchasing behavior insofar as consumers negotiate lower prices for comparable cars. Ex. B, ECF No. 20-2 at 7. The plaintiffs contend that the adjustments are contrary to appraisal standards, are calculated unfairly, and are arbitrarily applied (because the Progressive defendants do not apply the PSA when valuing total losses in other states like California or Washington). ECF No. 20 at ¶¶ 31–37. And they add that the Progressive defendants' insurance policies do not permit reducing a vehicle's value for invented or arbitrarily assumed justifications. *Id.* at ¶ 38.

The plaintiffs now bring three claims against each defendant: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) declaratory judgment. *Id.* at ¶¶ 61–104. Both defendants move to dismiss the good-faith-and-fair-dealing claim and the declaratory-judgment claim. Mot., ECF No. 51. The plaintiffs "do not oppose dismissal" of the latter but do oppose dismissal of the former. Resp., ECF No. 52 at 3 n.1.

## II. Legal standards

### a. Motions to dismiss

Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. And if I grant a motion to dismiss, I should grant leave to amend even if no request to amend is made unless I determine that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

      b. *Breach of the covenant of good faith and fair dealing*

Contracts in Nevada "impose[] upon each party a duty of good faith and fair dealing in [their] performance and execution." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9 (Nev. 1989). A party breaches the implied covenant of good faith and fair dealing when it performs "in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). Whether a party's performance denies another of their reasonable expectations under a contract "is determined by the various factors and special circumstances that shape these expectations." *Id.* at 924.

### III.   Discussion[1]

The Progressive defendants state that the plaintiffs' complaint is uniformly predicated on an alleged breach of the express terms of the insurance policies at issue. ECF No. 51 at 8. They argue that the plaintiffs must plead a breach of the covenant of good faith and fair dealing in the alternative to a claim for breach of contract, because the two causes of action cannot both be based on the same underlying conduct. *Id.* The plaintiffs do not dispute the defendants' view of the law but argue that their claims are indeed pled in the alternative. ECF No. 52 at 6. I find no support for the defendants' argument that I must dismiss one of the claims when there is no indication that the two claims have been pled in the alternative. The plaintiffs' complaint alleges that the Progressive defendants failed to pay the actual cash value for the damaged vehicles. It

---

[1] Because the plaintiffs do not oppose dismissal of their claims for declaratory relief, I grant the defendants' motion to dismiss with respect to those two claims (counts 5 & 6 of the complaint).

3

proceeds to argue that such a failure constitutes either (1) a breach of their insurance contracts or (2) a discretionary act that contravenes the plaintiffs' expectations and is unfaithful to the purpose of the contract. The elements of both causes of action are well-pled and not conclusory in nature; first, the plaintiffs have described the contractual language that they assert was breached. ECF No. 20 at ¶¶ 66, 73. Then, they describe the defendants' acts that were performed in a manner unfaithful to the purpose of the contract. *Id.* at ¶¶ 79–81, 87–89. The plaintiffs also use language indicating that their claim for breach of the covenant of good faith and fair dealing exists in the alternative to their breach of contract claim: "[T]o the extent the [p]olicy provides [d]efendant with discretion in calculating the ACV of an insured's total-loss vehicle, [d]efendant exercised its discretion unreasonably . . ." *Id.* at ¶ 79. And regardless, nothing in Rule 8 requires a plaintiff pleading in the alternative to explicitly mention that fact. *See* Fed. R. Civ. P. 8(d)–(e) (stating that "[n]o technical form is required" in general; that a party may set out multiple statements of a claim alternatively or hypothetically; that a party may state as many separate claims as it has, regardless of consistency; and that "[p]leadings must be construed so as to do justice"). I thus find the Progressive defendants' arguments with respect to the form of the plaintiffs' complaint unavailing.

They also argue that the plaintiffs' claim for breach of the covenant of good faith and fair dealing lacks a necessary element of such a claim; specifically, the plaintiffs failed to plead that the Progressive defendants complied with the insurance policies' terms. ECF No. 51 at 9. The Progressive defendants' contention that the plaintiffs need to allege that they were paid ACV, ECF No. 53 at 3, imposes a heightened pleading standard on the plaintiffs where no such standard exists in the law. Instead, the plaintiffs need only plead that the defendants complied with the literal terms of the contract but were nevertheless unfaithful to the contract. And the allegations in the complaint are sufficient to support an inference that the defendants may have complied with the literal terms of the contract: they allege that the Progressive defendants interpreted their own insurance policies in an unreasonable manner in an effort to understate

the value of the plaintiffs' total-loss vehicles and avoid paying them the ACV that they expected to be owed. ECF No. 20 at ¶¶ 81(c), 89(d).

In sum, they assert that the defendants (1) unreasonably interpreted the insurance policies, (2) acted unfaithfully to the purpose of the contracts, and (3) that such actions resulted in the denial of their reasonable expectations. They have thus alleged sufficient factual matter to support an inference that the Progressive defendants complied with the literal terms of the policies while violating the spirit of those policies. Because the plaintiffs' complaint sufficiently states the basis for its claim for breach of the covenant of good faith and fair dealing, and because there is no rule requiring them to distinguish between their claims in the alternative, I deny the defendants' motion to dismiss in part.

## IV.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the defendants' motion to dismiss (ECF No. 51) is GRANTED in part and DENIED in part. The plaintiffs' claims for declaratory relief (counts 5 & 6 of the complaint) are DISMISSED with prejudice. The plaintiffs' claims for breach of the covenant of good faith and fair dealing (counts 3 & 4) are permitted to proceed, along with their claims for breach of contract (counts 1 & 2).

IT IS SO ORDERED.

DATED: July 20, 2023

_____
Cristina D. Silva
United States District Judge